# IN THE SUPREME COURT OF THE STATE OF NEVADA

PHILLIP CHERRY,
Appellant,
vs.
THE STATE OF NEVADA,
DEPARTMENT OF MOTOR VEHICLES,
Respondent.

No. 67506

FILED

APR 20 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review of a DMV decision to revoke a driver's license. Eighth Judicial District Court, Clark County; Joseph T. Bonaventure, Judge.

Appellant Phillip Cherry's driver's license was revoked by respondent State of Nevada, Department of Motor Vehicles (DMV) for failing a breathalyzer test that he consented to taking after crashing his car at McCarran Airport. Cherry filed an appeal from the district court's denial of a petition for judicial review of that decision, and the case was transferred to the court of appeals. *See* NRAP 17(b). That court affirmed the district court's decision. *See Cherry v. State*, Docket No. 67506 (Order of Affirmance, Dec. 16, 2015). We granted Cherry's petition for review and withdrew the court of appeals' order. *See* NRAP 40B(f), NRAP 40B(g).

At the time of Cherry's accident, conflict existed between Nevada's statutory driving under the influence of alcohol (DUI) implied consent laws and United States Supreme Court precedent. The version of NRS 484C.160 in effect at the time did not permit a person to refuse to take a blood alcohol test when directed to do so by an officer who had reason to believe that the person was driving under the influence. *See* 2015 Nev. Stat., ch. 441, § 12, at 2535-37. If the person refused the test and the officer had reason to believe the person was driving under the influence, the statute permitted the officer to use force to obtain a blood

sample for testing purposes without a warrant.[1] *See id.* That version of NRS 484C.160 conflicted with caselaw holding that the natural dissipation of alcohol in a person's blood stream is not, by itself, an exigent circumstance permitting a warrantless search, which includes a breath or blood test of a suspected drunk driver. *See Missouri v. McNeely*, 569 U.S. ___, 133 S.Ct. 1552 (2013).

Cherry argues the facts of the instant appeal implicate that conflict. This argument is not supported by the record. Here, the officer gave Cherry instructions regarding consent that did not properly recite NRS 484C.160, but actually complied with both *McNeely* and *Byars*—here, the officer simply told Cherry he could refuse consent, but warned Cherry that if he refused a test, the officer would apply for a warrant to have him tested. Indeed, it appears these instructions were given in an attempt to avoid any constitutional violations. Cherry subsequently consented to the breath test, which revealed a .116 blood alcohol content (BAC), and was arrested for DUI. Based on the officer's instructions, Cherry argues that (1) the DMV lacked jurisdiction to revoke his license, and (2) the test was unconstitutional. We disagree on both counts.

First, Cherry contends that that the DMV only has jurisdiction to revoke a driver's license for DUI when the person's BAC is determined to be over the legal limit by a test administered under NRS 484C.160. Cherry continues that, because the officer's instructions regarding implied consent did not strictly comport with NRS 484C.160, the test was not given pursuant to statute and, thus, the DMV lacked jurisdiction to revoke his license. We disagree. The implied consent

---

[1]This provision of NRS 484C.160 was later ruled unconstitutional. *Byars v. State*, 130 Nev., Adv. Op. 85, 336 P.3d 939, 945-46 (2014).

doctrine does not apply because Cherry actually consented to the breath test. Indeed, Cherry's license was not revoked for his refusing to consent to a breathalyzer test but, rather, because his BAC exceeded the legal limit—such a revocation is authorized by NRS 484C.220. Accordingly, we conclude this argument is without merit.

Next, Cherry argues that, to the extent the test was performed under NRS 484C.160, it violated the Fourth Amendment's prohibition against unreasonable searches and seizures. However, "[i]t is well established that a search is reasonable [under the Fourth Amendment] when the subject consents . . . ." *See, e.g., Birchfield v. North Dakota*, 579 U.S. __, __, 136 S. Ct. 2160, 2185 (2016). Thus, Cherry's argument fails—the breath test was reasonable because Cherry consented to it.

We conclude the district court properly denied Cherry's petition for judicial review and, accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Cherry

_____, J.       _____, J.
Douglas                                Gibbons

_____, J.       _____, J.
Pickering                             Hardesty

_____, J.       _____, J.
Parraguirre                           Stiglich

 

cc: Chief Judge, The Eighth Judicial District Court
Hon. Joseph T. Bonaventure, Senior Judge
Law Offices of John G. Watkins
Attorney General/Carson City
Attorney General/Las Vegas
Eighth District Court Clerk